UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jessie Traylor,<br><br>    Plaintiff,<br><br>v.<br><br>Warden Macklenberg F.C.I. *Marianna*;<br>Warden Knight, *F.C.I. Estill*, Forsyth,<br>*Camp Administrator Estill*, J.A. Keller,<br>*Region Director*,<br><br>    Defendants. | Civil Action No. 0:21-cv-798-BHH<br><br>**ORDER** |

Plaintiff Jessie Traylor ("Plaintiff"), proceeding *pro se*, filed this action on March 19, 2021. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to a United States Magistrate Judge for preliminary consideration.

On February 24, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the procedural history of this case and recommending that the Court dismiss this case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure based on Plaintiff's failure to file proof of service with the Court as to the named Defendants, or to show good cause for his failure to serve Defendants in accordance with Rule 4(m).

On March 9, 2022, Plaintiff filed objections to the Magistrate Judge's Report, asserting that he has tried to comply with the Court's orders and asserting that he has sent a summons and copy of his complaint to the Attorney General of the United States and the

Attorney of South Carolina. (ECF No. 80 at 2.) While Plaintiff's objections are somewhat difficult to decipher, he appears to object to the requirement that he effect service of process, and he asserts that dismissal of this action is inappropriate.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

After review, the Court finds Plaintiff's objections unavailing. As the Magistrate Judge explained, despite the many chances the Court has given him, Plaintiff still has failed to demonstrate proof of service on the named defendants as required and has not demonstrated good cause for his failure to comply with Rule 4(m). Although Plaintiff asserts in his objections that he has tried to properly effect service, he offers no evidence, whether documentary or otherwise, to support his conclusory assertions. Thus, based on the record currently before the Court, the Court agrees with the Magistrate Judge that his action is subject to dismissal *without prejudice* for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, the Court adopts and incorporates the

Magistrate Judge's Report (ECF No. 78); overrules Plaintiff's objections (ECF No. 80); denies Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 71); and dismisses this action *without prejudice* for failure to serve pursuant to Rule 4(m).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

April 20, 2022
Charleston, South Carolina